UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLOS VASQUEZ SILVA,<br>　　　Petitioner,<br><br>　　　v.<br><br>MICHAEL NESSINGER, et al,<br>　　　Respondents. | )<br>)<br>)<br>)<br>)　　C.A. No. 26-cv-416-MRD-PAS<br>)<br>)<br>)<br>) |

ORDER

Petitioner Carlos Vasquez Silva is a citizen of Ecuador who entered the United States at some point prior to November 11, 2000. ECF No. 6 ¶ 14; ECF No. 11-1 at 1. He has twice been removed from the United States: once on November 11, 2000, and again on June 14, 2019. ECF No. 11-1 at 1. The 2019 removal was based on an order of removal from January 20, 2015. *Id.* The Department of Homeland Security ("DHS") reinstated the 2015 order of removal on June 24, 2026, just hours after Silva was taken into custody by Immigrations and Customs Enforcement ("ICE"). *Id.* Before the Court is Silva's Amended Petition for Writ of Habeas Corpus challenging his June 24, 2026 arrest and continued detention as a violation of the Fifth Amendment Due Process Clause. ECF No. 6 ¶¶ 34–42. For the following reasons, the Amended Petition is DENIED.

Silva alleges that the "Respondents failed to provide [him] with the procedural protections [established] by the Constitution and applicable immigration regulations." *Id.* ¶ 37. Silva also asserts that it was improper for DHS to reinstate the removal order after detaining him. *Id.* ¶¶ 38–39. In response, the Respondents indicate that Silva is properly detained under 8 U.S.C. § 1231(a)(5) and that the removal order was properly reinstated pursuant to 8 C.F.R. § 241.8. ECF No. 11-1 at 2–3.

8 U.S.C. § 1231(a)(5) provides that "[i]f the Attorney General finds that a[] [noncitizen] has reentered the United States illegally after having been removed … under an order of removal, the prior order of removal is reinstated from its original date … and the [noncitizen] shall be removed under the prior order at any time after the reentry." The reinstatement of removal orders is governed by 8 C.F.R. § 241.8. Section 241.8(b) discusses notice due to the individual who is subject to the

reinstated removal order.  Specifically, "[i]f an officer determines that a[] [noncitizen] is subject to removal under this section, he or she shall provide the [noncitizen] with written notice of his or her determination."  The section goes on to explain that the noncitizen "may make a written or oral statement contesting the determination." Notably absent from this regulation is any indication that this process must unfold *prior* to detaining the individual subject to the reinstated removal order.  As the First Circuit has explained, "the essential requirements of procedural due process include adequate notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 9 (1st Cir. 2010) (quoting *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir. 1990)).

In *Gonzalez Lopez v. Wesling*, a colleague in this Court discussed § 241.8 and explained that "[i]n factually similar cases, where noncitizens have challenged the Government's authority to detain them based on reinstated orders of removal, courts have primarily looked to whether the Government has included the 'Notice of Intent/Decision to Reinstate Prior Order' as evidence against the noncitizen."  828 F. Supp. 3d 284, 293 (D.R.I. 2026) (collecting cases).  There, the Government failed to provide that Notice of Intent/Decision to Reinstate Prior Order and the Court concluded that the petitioner was not subject to a reinstated order of removal.  *Id.*

Here, the Government satisfies the demands required by § 241.8.  Attached to the Respondents' Response is a "Notice of Intent/Decision to Reinstate Prior Order[,]" a "Warrant of Removal/Deportation[,]" and a "Record of Sworn Statement[.]"  ECF No. 11-2.  These documents were prepared on June 24 and note that Silva refused to sign.  *Id.*  Consistent with § 241.8(a), the immigration officer decided that Silva has been subject to a prior order of removal, confirmed his identity, and determined that he unlawfully reentered the United States.  Then, consistent with § 241.8(b), the immigration officer provided Silva with written notice of his determination. Therefore, under § 241.8(c), "[Silva] shall be removed under the previous order of … removal."  There is no indication here, therefore, that Silva did not receive "adequate notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Aponte-Rosario*, 617 F.3d at 9 (quoting *Amsden*, 904 F.2d at 753).  Practically speaking, this process makes sense because ICE/DHS have no way of knowing when a previously removed person returns to the United States until and unless the noncitizen comes into contact with immigration officials—like Silva did on June 24, 2026.

Lastly, after being detained, Silva requested a reasonable fear interview.  ECF No. 6 ¶¶ 25–27.  As Respondents explain, Silva was referred for a reasonable fear

interview "and should an Asylum Office team determine that [he] has established a reasonable fear of persecution or torture, DHS would thereafter issue a Notice of Referral to an Immigration Judge [], formally placing him into withholding-only proceedings."  ECF No. 11-1 at 4.  This process comports with 8 C.F.R. § 241.8(e) which explains that "[i]f a[] [noncitizen] whose prior order of removal has been reinstated under this section expresses a fear of returning to the country designated in that order, the [noncitizen] shall be immediately referred to an asylum officer for an interview to determine whether the [noncitizen] has a reasonable fear of persecution or torture."  That Silva *may*, at some point, be placed into withholding-only proceedings is not a reason to release him.

Accordingly, Silva's arrest and continued detention by immigration officials does not violate the Fifth Amendment, and his Amended Petition is DENIED.


IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge


08/05/2026

3